### HUNTER v. CAMPBELL.

(Supreme Court, Appellate Term. February 28, 1905.)

MOTIONS—APPEAL—RECORD.

　　Under Code Civ. Proc. §§ 1344, 1353, providing that an appeal from an order must be heard upon a copy of the notice of appeal and the papers used upon the hearing and general rule of practice No. 41, declaring that the papers in appeals from nonenumerated motions shall consist of copies of the papers used in the court below, and of the whole thereof, an appeal from an order granting a motion to place a case on the short-cause calendar. must be dismissed where the record does not contain all the motion papers.

Appeal from City Court of New York, Special Term.

Action by Frank K. Hunter against William A. Campbell. From an order placing the cause upon the short-cause calendar, defendant appeals. Appeal dismissed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Douglas Campbell, for appellant.
George B. Hayes, for respondent.

GIEGERICH, J. The moving affidavit does not make any mention of a note of issue having been filed, while the opposing affidavits expressly allege that none was filed, and that the case was not upon the general calendar. Upon the record, therefore, the motion was prematurely made, and the order granted in direct violation of the rules of the City Court, which, among other things, provide that in actions similar to this the cause may be placed upon the special calendar "where a note of issue has been filed."

Although the ordinary rule in motions of this character is that their disposition is within the judicial discretion of the court to which the motion is originally addressed, this case seems to be one which it might become our duty to review. Herzfeld v. Strauss, No. 2, 24 App. Div. 95, 49 N. Y. Supp. 92.

It is claimed, however, that the record does not contain all the

papers used upon the hearing of the motion. Section 1353 of the
Code of Civil Procedure, made applicable to appeals to the Appel-
late Term by section 1344, requires that "an appeal * * * from
an order * * * must be heard upon a certified copy of the
notice of appeal and of the papers used * * * upon the hear-
ing of the * * * motion." Rule 41 of the general rules of
practice provides that "the papers in all appeals from non-enumer-
ated motions shall consist of printed copies of the papers which
were used in the court below, and are specified in the order certified
by the proper clerk, or stipulated by the parties to be true copies
of the original, and of the whole thereof." In the case at bar it is
obvious that all the papers used were not printed in the record.
The notice of motion specifies the pleadings, and the order recites
the motion papers, but only the amended answer is contained in
the record presented. The respondent claims that there are other
omissions, and especially an order of the City Court, entered prior
to the day the motion under review was made, directing that this
case be placed on the calendar, but we are unable to say from any-
thing before us in the printed record whether there was any such
order or not. Under these circumstances, the appeal should be
dismissed, with costs to the respondent.

Appeal dismissed, with $10 costs and disbursements to the re-
spondent. All concur.